IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOSEPH A. JAMES,                          08-CV-6134-BR

       Plaintiff,                        OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.


KATHRYN TASSINARI
ROBERT A. BARON
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 343-4527

      Attorneys for Plaintiff

KAREN J. IMMERGUT
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DAPHNE BANAY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

      Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Joseph A. James seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

     This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on April 1, 2004, alleging a disability onset date of August 31, 2003. Tr. 79-81.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 26, 2006.  Tr. 1179-1224.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on April 6, 2007, in which she found Plaintiff was not disabled.  Tr. 19-28.  Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on February 28, 2008.  On April 24, 2008, Plaintiff sought judicial review by this Court of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on October 28, 1959; was 45 years old on September 30, 2005, the date his insured status expired; and was 47 years old at the time of the hearing.  Tr. 31, 1188. Plaintiff completed high school.  Tr. 162, 1197.  Plaintiff has past relevant work experience as a campground host.  Tr. 1215.

Plaintiff alleges disability due to depression, anxiety,

---

[1] Citations to the official transcript of record filed by the Commissioner on October 7, 2008, are referred to as "Tr."

sleeplessness, hearing loss, asthma, and post-traumatic stress disorder (PTSD).  Tr. 172.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 19-25.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a

preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## <u>DISABILITY ANALYSIS</u>

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not

require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R.

§ 404.1520(g)(1).

## II.  Evaluation of Drug and Alcohol Abuse.

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability.  42 U.S.C. § 1382c(a)(3)(J).  *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001).  Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol.  20 C.F.R. §§ 404.1535(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a).  To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits . . . .  If the ALJ finds that the claimant is disabled and there is medical evidence of [his or her] drug addiction or alcoholism then the ALJ should proceed under § 404.1535 or 416.935 to determine if the claimant would still [be found] disabled if [he or she] stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped

8 - OPINION AND ORDER

using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2). *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

### **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff "has not engaged in substantial gainful activity since August 31, 2003 . . . except for one period." Tr. 16.

At Step Two, the ALJ found Plaintiff has the severe impairments of asthma and drug and alcohol abuse. Tr. 16. The ALJ concluded "no mental disorder beyond substance abuse is established as 'severe' including PTSD." Tr. 16.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ assessed Plaintiff's RFC and found even after "including the effects of substance abuse," Plaintiff had the capacity to perform "all functions of medium work including the ability to lift 50 pounds occasionally and 25 pounds frequently, and sit, stand, or walk for up to six hours in an eight-hour day." Tr. 17. Considering

9 - OPINION AND ORDER

Plaintiff's substance abuse, the ALJ found Plaintiff has mild impairment of his daily activities and moderate difficulty maintaining social functioning, concentration, persistence, or pace.  The ALJ limited Plaintiff to work that did not involve hazardous work locations.  Discounting the effects of drug and alcohol abuse, the ALJ limited Plaintiff to simple routine tasks without close interaction with co-workers or the general public as well as work that did not involve exposure to high levels of air pollutants.  Tr. 17.

At Step Four, the ALJ found Plaintiff is not able to perform his past relevant work.  Tr. 29.

At Step Five, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the local and national economies.  Tr. 29.  Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 30.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of examining physician Paul J. Zeltzer, M.D.; (3) failed to give "great weight" to the award by the Veterans Administration (VA) of 100% disability to Plaintiff; (4) failed to address the opinion of treating physician Scott Mendelson,

10 - OPINION AND ORDER

M.D.; and (5) failed to address the statement of treating therapist Ingrid Duvall, L.C.S.W.

## I.   The ALJ did not err when she found Plaintiff had "limited credibility."

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

"Contradiction with the medical record is a sufficient basis

for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008).  In addition, failure to comply with treatment can undermine a claimant's credibility.  *See Bunnell*, 947 F.2d at 346.

The ALJ noted treating physician Richard Turner, M.D., opined there "may be a component of secondary gain with [Plaintiff's] recent filing for service connect[ed] compensation." Tr. 19, 782.  Plaintiff also reported to examining physician Hyunsoon Park, M.D., that he had had suicidal ideation every day for years, but the record reflects he told Michael McNamara, M.S.N., and several other examining doctors and nurses that he had not had any suicidal ideation.  Tr. 27, 615, 742, 902, 1162.  Examining physician John Finney, M.D., reported the reason Plaintiff provided for failure to make his appointment "seems to have been misleading." Tr. 27, 721.  The ALJ also noted the record reflects Plaintiff has a history of noncompliance and lack of follow-up with treatment.  Tr. 27.  For example, Dr. Turner reported Plaintiff "characteristically . . . does not follow through with therapeutic recommendations," and examining physician Marc Smith, M.D., and counselor Susan Dimock, M.S.W., reported Plaintiff refused to take prescribed medication and failed to follow up with treatment.  Tr. 28, 321, 348, 551.

The ALJ also found Plaintiff's daily activities exceeded what would be expected of someone crippled by anxiety or other

12 - OPINION AND ORDER

mental disorder.  Tr. 28.  Specifically, the ALJ noted
Plaintiff's wife reported that Plaintiff spent 12 hours a day at
the computer, and he reported he played pool regularly and made
money from playing pool.  Tr. 28, 321, 590.

On this record, the Court concludes the ALJ did not err
because she provided a legally sufficient basis supported by the
record for finding Plaintiff had limited credibility.

## II.  The ALJ did not err when she rejected the diagnosis of PTSD by Paul Zeltzer, M.D.

An ALJ may reject an examining or treating physician's
opinion when it is inconsistent with the opinions of other
treating or examining physicians if the ALJ makes "findings
setting forth specific, legitimate reasons for doing so that are
based on substantial evidence in the record."  *Thomas*, 278 F.3d
at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.
1989)).  When the medical opinion of an examining or treating
physician is uncontroverted, however, the ALJ must give "clear
and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at
957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

When "the ALJ fail[s] to provide legally sufficient reasons
for rejecting . . . [a] physician['s] opinion[]," the Court
credits the opinion as true.  *Benecke v. Barnhart*  379 F.3d 587,
594 (9th Cir. 2004).  *See also Lester*, 81 F.3d at 834 (improperly
rejected physician's opinion, which the court then credited as a
matter of law).

13 - OPINION AND ORDER

An ALJ may reject a physician's opinion if it is based entirely on the claimant's subjective complaints and not supported by clinical evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "[Q]uestioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports [her] ultimate opinion with [her] own observations" is not, however, a legally sufficient reason for rejecting a physician's opinion. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

On May 2, 2004, Dr. Zeltzer conducted "an original Compensation and Pension evaluation regarding [PTSD]" to determine whether Plaintiff was entitled to an award of benefits from the VA for disability due to PTSD. Dr. Zelzer concluded Plaintiff met the criteria fo noncombat-related, chronic, severe, PTSD.

The ALJ, however, rejected Dr. Zelter's opinion that Plaintiff was disabled due to PTSD on the grounds that Dr. Zeltzer examined Plaintiff only one time and relied on Plaintiff's self-reported symptoms. Tr. 22. In addition, the ALJ noted Dr. Zeltzer's opinion was contradicted by the medical record; specifically, Plaintiff's treating physicians, including Dr. Turner and Robert Higginbotham, M.D., declined to diagnose Plaintiff with PTSD. Other examining specialists also declined to diagnose Plaintiff with PTSD including Dr. Park; Frederick

14 - OPINION AND ORDER

Nesbit, M.D.; Ann Sedlacek, P.M.H.N.P.; and Paul Rethinger,

Ph.D., reviewing psychologist.  Tr. 22.  The ALJ also noted

there was some question regarding the validity of the diagnosis

even among Plaintiff's physicians who diagnosed him with PTSD.

For example, Dr. Mendelson stated diagnoses other than PTSD could

adequately account for Plaintiff's PTSD-like symptoms, and Ingrid

Duvall found Plaintiff's mental health improved with abstinence

from drug and alcohol use.  Tr. 25, 311-12, 1145.

On this record, the Court concludes the ALJ did not err when

she rejected Dr. Zeltzer's diagnoses of PTSD because the ALJ

provided clear and convincing reasons based on substantial

evidence in the record for doing so.

**III. The ALJ did not err when she failed to give "great weight"
     to the VA's award of 100% disability to Plaintiff.**

A Social Security disability determination is similar to a

VA disability determination in that both are made by federal

agencies that provide benefits to those who cannot work due to

disability.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.

2002).  "[A]lthough a VA rating of disability does not

necessarily compel the SSA to reach an identical result, 20

C.F.R. § 404.1504, the ALJ must consider the VA's finding in

reaching his decision."  *Id*.  An ALJ ordinarily must give "great

weight" to a VA determination of disability.  An ALJ, however, is

not compelled to reach an identical result.  *Id*.  *See also* 20

C.F.R. § 404.1504 ("A decision by any . . . other governmental

15 - OPINION AND ORDER

agency about whether you are disabled . . . is based on its
rules and is not our decision . . . . We must make a . . .
determination based on social security law. Therefore, a
determination made by another agency . . . is not binding on
us."). If the ALJ gives less than "great weight" to a VA
disability determination, however, he must provide "persuasive,
specific, valid reasons for doing so that are supported by the
record." *McCartey*, 298 F.3d at 1076.

Here the ALJ did not give great weight to the VA's
disability determination that Plaintiff was 100% disabled due to
PTSD on the ground that the VA's award was based solely on the
opinion of Dr. Zeltzer, whose diagnosis of PTSD the ALJ properly
rejected. Tr. 22. The ALJ again noted Dr. Zelter's opinion was
contradicted by the medical record; specifically, several of
Plaintiff's physicians, including Dr. Turner, Dr. Park,
Dr. Higginbotham, and Dr. Nesbit, declined to diagnose Plaintiff
with PTSD as did Dr. Rethinger, reviewing psychologist.

On this record, the Court concludes the ALJ did not err when
she gave little weight to the VA's disability determination
because she provided legally sufficient reasons supported by
substantial evidence in the record for doing so.

**IV.  The ALJ erred when she failed to address Dr. Mendelson's
      opinion.**

Plaintiff contends the ALJ erred when she failed to address
the May 2004 opinion of treating physician Dr. Mendelson that

16 - OPINION AND ORDER

Plaintiff had Bipolar Depression that was "currently treatment resistant and making him incapable of working." Tr. 306. As noted, an ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957. The ALJ, however, did not address Dr. Mendelson's opinion.

The Court, therefore, concludes the ALJ erred when she failed to address Dr. Mendelson's opinion that Plaintiff was not capable of working due to Bipolar Depression because she failed to provide specific, legitimate reasons based on substantial evidence in the record for doing so.

**V.  The ALJ did not err when she failed to address the statement of Ingrid Duvall.**

Plaintiff contends the ALJ erred when she did not address the November 28, 2006, report by Ingrid Duvall that Plaintiff suffered from PTSD, major depressive disorder, polysubstance dependence, and "could not be present full-time, eight hours per day, five days per week without special accommodation or excessive absences from work." Tr. 1170. Defendant contends the ALJ did not need to address or to explain the weight that she gave to Duvall's opinion because it could not affect the outcome of this case.

Medical sources are divided into two categories:
"acceptable" and "not acceptable."  20 C.F.R. § 416.902.
Acceptable medical sources include licensed physicians and
psychologists.  20 C.F.R. § 416.902.  Medical sources classified
as "not acceptable" include, but are not limited to, nurse
practitioners, therapists, licensed clinical social workers, and
chiropractors.  SSR 06-03p, at *2.

> Since there is a requirement to consider all
> relevant evidence in an individual's case record,
> the case record should reflect the consideration
> of opinions from medical sources who are not
> "acceptable medical sources" . . . who have seen
> the claimant in their professional capacity.
> Although there is a distinction between what an
> adjudicator must consider and what the adjudicator
> must explain in the disability determination or
> decision, the adjudicator generally should explain
> the weight given to opinions from these "other
> sources," or otherwise ensure that the discussion
> of the evidence in the determination or decision
> allows a claimant or subsequent reviewer to follow
> the adjudicator's reasoning, *when such opinions
> may have an effect on the outcome of the case*.

SSR 06-03p, at *6 (emphasis added).

As noted, Plaintiff's insured status expired on
September 30, 2005.  Duvall reports in her statement that she saw
Plaintiff for three sessions in 2005, but those sessions were
"nonproductive because [Plaintiff] was actively using alcohol and
drugs."  Tr. 1167.  Duvall began seeing Plaintiff again on
July 20, 2006, which is nearly 11 months after Plaintiff's date
last insured.  Duvall provided her opinion on November 28, 2006,
but she did not specify that it related to the period at issue or

18 - OPINION AND ORDER

opine as to whether Plaintiff suffered PTSD, major depressive disorder, and polysubstance dependence to such a degree that Plaintiff "could not be present full-time, eight hours per day, five days per week without special accommodation or excessive absences from work" during the relevant period.

On this record, the Court concludes the ALJ did not err when she failed to address Duvall's opinion because the record reflects Duvall's opinion would not have had an effect on the outcome of this case.

## VI.  Remand for further proceedings.

Generally the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000).  *See also Smolen*, 80 F.3d at 1292.  The Ninth Circuit, however, has established a limited exception to this general rule.  *Id.*  Under the limited exception, the Court must grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id*.  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if

19 - OPINION AND ORDER

the case were remanded for further proceedings.  *See id*. at 1178 n.2.

The Court has determined the ALJ erred when she failed to address the opinion of Dr. Mendelson.  Although Dr. Mendelson's opinion appears to be contradicted by the opinions of other treating and examining physicians, the administrative record is not sufficiently clear to determine that Plaintiff is entitled to immediate benefits.  In the exercise of its discretion, the Court, therefore, concludes the limited exception does not apply and this matter should be remanded for further proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also Reddick*, 157 F.3d at 729.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.


### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court."

20 - OPINION AND ORDER

*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from receipt of the Notice of Award by the Commissioner.

IT IS SO ORDERED.

DATED this 18th day of May, 2009.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER